**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WARREN S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 8:19-cv-02270-PD <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his application for supplemental security income. In accordance with the Court's case management order, the parties filed a Joint Submission addressing the merits of the disputed issue. For the reasons stated below, the decision of the Commissioner is reversed, and the action is

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

remanded.

## I. FACTUAL BACKGROUND

On January 19, 2016, Plaintiff filed an application for Supplemental Security Income benefits, alleging an inability to work since June 30, 2012, based on memory deficit due to brain tumor, knee pain, and ankle pain. [Joint Statement ("JS") 2; Administrative Record ("AR") 171-80, 209.] Plaintiff's application was denied administratively, and an Administrative Law Judge ("ALJ") issued an adverse decision after a hearing. [JS 2; AR 40-63, 119-21.] The ALJ found that Plaintiff suffered from medically determinable impairments but retained the residual functional capacity ("RFC") to perform the demands of past relevant work as a janitor. [JS 3-4; AR 19-39.] The Appeals Council denied Plaintiff's request for review [AR 16-18], rendering the ALJ's decision the final decision of the Commissioner.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 19, 2016, the application date. [JS 2; AR 23-24.] At step two, the ALJ found that Plaintiff had the following severe impairments : "left knee derangement; right ankle internal derangement; epilepsy; obesity; brain tumor (right frontal oligodendroglioma), status post resection by right frontal craniotomy on February 25, 2013, and cognitive disorder, not otherwise specified (NOS); and borderline intellectual functioning (BIF) secondary to brain tumor (right frontal oligodendroglioma) and epilepsy." [AR 23, ¶ 2.] The ALJ found that these impairments significantly limit the ability to perform basic work activities. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [AR 24, ¶ 3.]

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform the demands of "medium work" with noted exceptions. [AR 25.] The ALJ included the following in his RFC assessment:

> [Plaintiff]can perform simple tasks that require only simple work-related decisions and involve only occasional changes in a routine work setting; have unlimited contact and interaction with supervisors as necessary to receive work-task-related instructions but otherwise only occasional interaction with coworkers; and no interaction with a member of the public to complete a work task.

[*Id.*]

At step four, based on Plaintiff's RFC, vocational background, and testimony, and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a janitor and thus was not disabled within the meaning of the Social Security Act. [AR 33, ¶¶ 5, 6.] In reaching this conclusion, the ALJ gave great weight to the opinion of examining psychologist Dr. Paul Fernandez:

> that [Plaintiff]'s overall cognitive ability fell within the borderline range, that [Plaintiff] would have moderate difficulty with respect to the abilities to understand, remember, and carry out detailed instructions, to maintain attendance and complete an eight-hour workday in a regular workplace setting, and to interact appropriately with supervisors, coworkers, and peers given his difficulties with comprehension, and that [Plaintiff] would otherwise have no greater than mild difficulty with respect to work-related abilities . . .

[AR 29].

## II. DISPUTED ISSUE

Whether the ALJ erred in his formulation of Plaintiff's RFC by ignoring portions of Dr. Fernandez' opinion and failing to include all of the limitations

3

assessed by Dr. Fernandez or provide specific reasons for rejecting his opinion.

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). An ALJ's assessment of a claimant's RFC must be affirmed if the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

### A. Relevant Medical Evidence

#### 1. Drs. Brooks-Warren and Abrahimi

On June 21, 2016, Annette Brooks-Warren M.D. conducted a mental residual functional capacity assessment of Plaintiff and found that he had understanding and memory limitations, and that the following were moderately limited: his ability to understand, remember and carry out detailed instructions, his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, his ability to interact appropriately with the general public, his ability to ask simple questions or request assistance, his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, his ability to respond appropriately to changes in the work setting, his ability to travel in unfamiliar places or use public transportation, and his ability to set realistic goals or make plans independently of others. Dr. Brooks-Warren concluded that Plaintiff has the ability to understand and remember simple instructions, to attend and concentrate for periods of two hours as is required in the workplace, to interact appropriately with peers and supervisors, but that he should not work with the public, and the ability to adapt to routine workplace changes. [AR 75-77.]

Pursuant to Plaintiff's request for reconsideration of the denial of benefits, on October 5, 2016, Heather Abrahimi, Psy.D., conducted a mental residual functional capacity assessment of Plaintiff and made the same finding as Dr. Brooks-Warren. [AR 92-94.]

### 2. Dr. Fernandez

On May 11, 2016, at Defendant's request, Dr. Fernandez conducted a psychological evaluation of Plaintiff and concluded that his overall cognitive ability fell within the borderline range and that he had very significant fluctuations between average range verbal ability, poor perceptual reasoning in the Wechsler Adult Intelligence Scale-Fourth Edition (WAIS-IV), and consistently low auditory memory that was quite significant on the Wide Range Achievement Test IV and low as well on the WAIS IV.  Dr. Fernandez opined that Plaintiff had moderate difficulty in understanding, remembering, and carrying out detailed instructions; in maintaining attendance and completing an eight-hour workday in a regular workplace setting; and in interacting appropriately with supervisors, coworkers, and peers given his difficulties with comprehension.

The doctor also opined that Plaintiff had mild difficulty in understanding and remembering visual information; in understanding, remembering, and carrying out short and simplistic verbally based instructions; in dealing with the usual stresses of a competitive workplace setting and handling routine work changes; and possible mild difficulty handling simplistic work-related decisions without special supervision.  The doctor further opined that Plaintiff had mild restrictions of daily activities, mild difficulties in maintaining social functioning, and mild difficulties in concentration, persistence, and pace.  [JS 7-8; AR 371-72.]

### B. Testimony of Vocational Expert

Vocational expert Joseph H. Torres testified at the hearing on October 4, 2018.  [AR 40, 45.]  After posing two hypothetical scenarios, the ALJ asked the following:

> If either of the first two hypothetical individuals additionally required unscheduled breaks that total more than 10 percent of the time in an 8-hour workday in addition to regular breaks in a regular and ongoing basis or, in the alternative, that instead

6

>of unscheduled breaks they'd be absent from work due to arriving late, leaving early or missing a full day of work for a cumulative total of 3 or more day per month on a regular and ongoing basis, would any such hypothetical individual be able to perform any of the past work, any semi-skilled occupations utilizing skills that would transfer from the past work or any unskilled occupations?

[AR 61.] The vocational expert responded, "I do not believe so, your honor." [Id.] The ALJ also confirmed that these breaks and absences from work are not addressed by the DOT or its companion publications.

### C. The ALJ's Decision

In assessing Plaintiff's RFC, the ALJ gave significant weight to the opinions of Drs. Brooks-Warren and Abrahimi that Plaintiff had the mental capacity to understand and remember simple instructions, attend and concentrate for two hours at a time, interact appropriately with peers and supervisors, and adapt to routine work changes but should not work with the public. The ALJ also discussed at length and gave significant weight to Dr. Fernandez' opinion that Plaintiff's overall cognitive ability fell within the borderline range, that he would have moderate difficulty with respect to the abilities to understand, remember, and carry out detailed instructions, to maintain attendance and complete an eight-hour workday in a regular workplace setting, and to interact appropriately with supervisors, coworkers, and peers given his difficulties with comprehension, and that he would otherwise have no greater than mild difficulty with respect to work-related abilities, because these generally consistent opinions are supported by Dr. Fernandez' clinical examination findings and are generally consistent with the other evidence including the medical evidence demonstrating that Plaintiff's symptoms remained generally stable at no worse than a mild-to-moderate level on a persistent basis since the alleged onset date.

7

The ALJ found that the opinion of Dr. Fernandez that Plaintiff's neurocognitive deficits would limit interaction with coworkers and supervisors to some degree was consistent with Plaintiff's presentation during the consultative examination and his presentation as documented by other treating sources. Accordingly, the ALJ gave more weight to that portion of Dr. Fernandez's opinion than to the opinion of Drs. Brooks-Warren and Abrahimi, the State agency psychological consultants, which did not include a limitation with respect to interacting with coworkers and supervisors.

**D.    Relevant Law**

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (quotations omitted). The RFC – and any resulting hypothetical presented to a vocational expert – "must set out all the limitations and restrictions of the particular claimant." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted, emphasis in original).

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ is responsible for translating a claimant's condition and limitations into an RFC that "adequately captures restrictions" to the claimant's ability to work. If an "RFC assessment failed to include all of [the claimant's] credible limitations," the RFC – and any subsequent opinion of a vocational expert – are "incomplete." *Bagby v. Comm'r Soc. Sec.*, 606 F. App'x 888, 890 (9th Cir. 2015); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991) ("expert's testimony has no evidentiary value" if not based on "all of claimant's limitations").

An ALJ who accords substantial or great weight to a physician's opinion

must either incorporate the findings into the RFC or explain why the ALJ chose not to accept them. *See, e.g.*, *Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The [ALJ] erred when formulating Martin's [RFC] because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Neufeld v. Berryhill*, 2018 WL 4739699 *6, (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."); *Padilla v. Colvin*, 2015 WL 3849128, at *6 (C.D. Cal. 2015) ("despite the ALJ's assertion that he afforded [physician's] opinion significant weight ..., the ALJ failed to explain why he apparently rejected and did not include in the RFC determination [physician's] moderate limitations in the ability to perform work activities on a consistent basis without special or additional supervision, and to complete a normal workday or work week due to her mental condition"); *Ortiz v. Colvin*, 2015 WL 7454509, at *4 (C.D. Cal. 2015) (error where medical opinion restricting contact with numerous groups led to RFC restricting contact with one group without adequate explanation).

**E.     Analysis**

Dr. Fernandez opined that although Plaintiff demonstrated only a possibly mild difficulty in handling simplistic work-related decisions without special supervision, he demonstrated a moderate difficulty in maintaining attendance, completing an eight-hour workday in a regular workplace setting, and interacting appropriately with supervisors and coworkers, given his difficulties with comprehension. [JS 7-8.] In formulating Plaintiff's RFC, the ALJ accorded Dr. Fernandez's opinion "significant weight." [JS 10.] The ALJ determined that Plaintiff maintained the RFC as to do the following:

9

>perform simple, repetitive tasks, that require only simple work-related decisions and involve only occasional changes in a routine work setting; have unlimited contact and interaction with supervisors as necessary to receive work-task-related instructions but otherwise only occasional interaction with coworkers; and no interaction with a member of the public to complete a work task.

[AR 25.] Plaintiff contends that this assessment does not account for Dr. Fernandez's opinion that Plaintiff is moderately impaired in maintaining regular attendance, completing an eight-hour workday in a regular workplace setting, and interacting with supervisors. [JS 4-11, 14-15.] Defendant responds that Plaintiff's position, which does not object to the ALJ's assignment of weight to the various medical opinions and contends only that the ALJ should have included the above-listed impairments in the RFC, is precluded by the Ninth Circuit's decision in *Stubbs-Danielson*, 539 F.3d at 1173-74. [JS 12.]

In *Stubbs-Danielson*, the plaintiff argued the ALJ's assessment that she had the RFC to perform simple, routine, repetitive sedentary work requiring no interaction with the public failed to capture mental limitations identified by examining doctors. *Id.* at 1163. In rejecting this argument, the Ninth Circuit cited an examining doctor's opinion that the plaintiff retained the ability to carry out simple tasks, and that the ALJ had translated that condition into the only available concrete restrictions, i.e., simple, routine, repetitive tasks. "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.* at 1174.

This case is factually distinguishable from *Stubbs-Danielson*. Here, the assessment that Plaintiff can perform work involving simple, repetitive tasks requiring only simple work-related decisions and involving only occasional

10

changes in a routine work setting, with unlimited contact and interaction with supervisors as necessary to receive work-related instructions but otherwise only occasional interaction with coworkers, does not address the moderate limitations found by Dr. Fernandez in Plaintiff's ability to maintain regular attendance, interact with a supervisor, or complete an eight-hour workday in a regular workplace. The ALJ did address these limitations in hypotheticals posed to the vocational expert, as noted above, but did not incorporate them in the RFC assessment.

Courts have regularly held that an ALJ is required to either explicitly reject or include in the RFC the same moderate limitations Dr. Fernandez assessed in this case. *See, e.g.*, *Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (ALJ erred in omitting consultant's opinion that the plaintiff was moderately impaired in the ability to maintain regular attendance, sustain an ordinary routine, and complete a normal work day or workweek without interruption without providing an explanation for why these limitations were not included in the RFC, even though ALJ claimed to give great weight to those assessments); *Bain v. Astrue*, 319 Fed. App'x 543, 545-46 (9th Cir. 2009) (ALJ erred in omitting consultative examining psychologist's moderate limitations in the RFC, despite claiming to credit psychologist's opinion); *Christopher G. v. Saul*, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (ALJ's RFC assessment fairly accommodated moderate limitations in the ability to maintain attention and concentration, but did not address moderate limitations in maintaining regular attendance or performing at a consistent pace without an unreasonable number and length of rest periods); *Raymond v. Berryhill*, 2018 WL 3691842, at *6 (C.D. Cal. Aug. 2, 2018) ("Although the ALJ's restriction for unskilled work may encompass Plaintiff's moderate limitations in concentration, persistence, and pace, the RFC does not sufficiently account for Plaintiff's moderate limitations

11

in [. . .] maintaining consistent attendance in the workplace."); *Hunter v. Colvin*, 2015 WL 501466, at *1 (C.D. Cal. Feb. 5, 2015) (ALJ's RFC limiting claimant's contact with the public did not account for physician's opinion that claimant was limited in ability to interact with co-workers and supervisors).

While moderate limitations do not necessarily indicate that Plaintiff is unable to perform all work activity, the ALJ was required to either include these limitations in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them. *See Wiles v. Berryhill*, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017) (although moderate limitations in various areas of functioning, such as in the ability to maintain regular attendance or to complete a normal workday are not per se disabling, the ALJ erred in assessing RFC without either including the limitations or offering specific reasons for rejecting opinion). Here, the ALJ provided no reason for failing to include the limitations in his RFC assessment. This was error. *See id.*

Moreover, since the ALJ improperly discounted Dr. Fernandez's opinion in assessing the RFC and found Plaintiff capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless. *See Molina v. Astru*e, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds as stated in Sisk v. Saul*, 820 F. App'x 604, 606 (9th Cir. 2020) (in the Ninth Circuit, "[H]armless error principles apply in the Social Security Act context. [. . . ] [I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case."); *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination.").

In sum, the Court finds that the ALJ did not properly consider the examining opinion evidence in assessing Plaintiff's RFC, and remand is warranted.

## V. Remedy

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). "When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

The issues concerning limitations opined to by Dr. Fernandez "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings.

## VI. CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 26, 2021



PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

NOTICE: THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.